**STATE of Missouri, Respondent,**

v.

**Ronald E. DRAMAN, Appellant.**

**No. 16491.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 25, 1990.

Raymond L. Legg, Columbia, for appellant.

William L. Webster, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

In this court-tried case, defendant Ronald E. Draman was found guilty of involuntary manslaughter as defined and denounced by § 565.024.1(2), RSMo.Supp.1984. Defendant's punishment was fixed at imprisonment for a term of five years. He appeals. We affirm.

The record we have before us indicates that on August 7, 1986 the defendant caused the vehicle which he was driving to collide violently with another vehicle being driven by one Paul Barker. There was evidence that the defendant was intoxicated and that he was driving at an excessive and dangerous rate of speed. Mr. Barker was killed in the collision. In this court, the defendant has not questioned the sufficiency of the evidence to sustain the judgment of conviction. The only objection briefed is that the result of a chemical blood alcohol test was erroneously received in evidence.

■ There was evidence that after the fatal accident occurred Barker's corpse was mechanically extricated from his vehicle and the defendant was taken to a hospital in Springfield, Missouri. Mike Shockley, a member of the Missouri State Highway Patrol with more than fourteen years' experience, contacted the defendant in the hospital. At Trooper Shockley's request and with the defendant's permission, a nurse obtained a sample of the defendant's blood so a test for blood alcohol content might be made. The sample indicated defendant's blood alcohol level was .18 percent. The result of the test was admitted over the defendant's objection. Error in the admission of the blood alcohol test for failure to perform the test in accordance with applicable statutes and regulations is the only error assigned. No reversible error is demonstrated.

The defendant argues, in essence, that the result of the test for blood alcohol content was erroneously received because it was not performed in accordance with prescribed methods. The impact of failure to follow prescribed and reliable analytic techniques in determining blood alcohol content has been discussed by this court in *State v. Vaughn*, 759 S.W.2d 98 (Mo.App. 1988), and *State v. Peters*, 729 S.W.2d 243 (Mo.App.1987). Our colleagues at St. Louis considered the Implied Consent Law, i.e., §§ 577.020 to 577.041, RSMo 1986, at length in *State v. Kummer*, 741 S.W.2d 285 (Mo.App.1987). Recently, the Eastern District has reiterated that proof of literal compliance with the testing statutes is necessary if chemical tests for blood alcohol content are to be received in evidence. *State v. Hanners*, 774 S.W.2d 568, 569 (Mo.App.1989); see generally Annotation, *Necessity and sufficiency of proof that tests of blood alcohol concentration were conducted in conformance with prescribed methods*, 96 A.L.R.3d 745, 752 (1980). We will not expand upon what we have already said in *State v. Vaughn*, 759 S.W.2d 98.

■ Although intoxication is an element of the offense of which the defendant was

convicted,[1] it has been held time and again that a lay or non-expert witness may give evidence that an accused was intoxicated, and that opinion, if it is based on observation, constitutes substantial evidence. *State v. Mayabb,* 316 S.W.2d 609, 612 (Mo. 1958); *State v. Griffin,* 320 Mo. 288, 294, 6 S.W.2d 866, 868[2] (1928); *State v. Palmer,* 606 S.W.2d 207, 208[1, 2] (Mo.App.1980). Trooper Shockley observed the defendant and his behavior in the hospital and concluded the defendant was intoxicated. Nurse Jan Blue, a registered nurse employed by the hospital to which the defendant was taken, had the opinion that the defendant was intoxicated while he was in the emergency room, where she saw him. The testimony of witnesses Shockley and Blue provided an ample basis for a finding beyond a reasonable doubt that the defendant was intoxicated when his vehicle collided with Barker's automobile. It is well settled that if evidence is improperly admitted, but other evidence before the court establishes the same fact or facts, there is no prejudice to defendant and no reversible error. *State v. Zagorski,* 632 S.W.2d 475, 478 n. 2 (Mo. banc 1982); *Harris v. Goggins,* 374 S.W.2d 6, 15 (Mo. banc 1963); *State v. Schwendt,* 645 S.W.2d 385, 387[2] (Mo.App.1983). Further, this is a court-tried case, and it must be assumed that the trial court disregarded improper evidence. *Johnson v. State,* 726 S.W.2d 889, 890 (Mo. App.1987).

We find no error prejudicial to the defendant. Accordingly, the judgment is affirmed.

FLANIGAN, P.J., and MAUS, J., concur.

SHRUM, J., not participating because not a member of the court when case submitted.

---

1. Section 565.024.1(2), RSMo.Supp.1984, in effect when this crime was committed, provided that: "1. A person commits the crime of involuntary manslaughter if he ... (2) While in an intoxicated condition operates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause the death of any person...."