STATE of Missouri, Respondent,

v.

Patti Sue PERKINS, Appellant.

No. WD 43813.

Missouri Court of Appeals,
Western District.

April 7, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 2, 1992.

Application to Transfer Denied
July 21, 1992.

Susan L. Hogan, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.

BERREY, Judge.

Appellant was convicted of four counts of sodomy and one count of rape by a jury, they assessed her punishment at fifteen years on each count. The trial court ordered the four counts of sodomy to run concurrently with each other but consecutively with the count of rape. Appellant appeals her conviction.

Appellant also appeals the denial of her Rule 29.15 motion for postconviction relief after the evidentiary hearing.

The appellant alleges five points of trial court error. She first contends that the court erred in permitting an amendment to the information on the morning of trial. Secondly, she contends the court erred in sentencing her under Count IV of the amended information filed July 3, 1990. For her third allegation of error, appellant alleges the court erred in overruling appellant's motions for judgment of acquittal at close of state's case and in sentencing appellant on both Count III and IV because of insufficient evidence. Fourth, appellant alleges trial court error in submitting Instruction No. 4 patterned after MAI–CR3d 302.04. Finally, appellant alleges error in the court's denial of relief based upon appellant's 29.15 motion.

Because the sufficiency of the evidence is in question, we must recount the sordid facts. The appellant began employment with the family in question in February of 1988 as a babysitter for their children. Soon after appellant was employed she began touching the penis of 8–year–old P.J. with her hands. Appellant had P.J. take off his clothes, and threatened to hurt his mother and put her in jail, if he did not do as she told him. In addition appellant made P.J. rub a banana between her "tits and pull it out the other way and made me eat it." Appellant made P.J. "squeeze the juice [of an orange] on her vagina and lick it off and then eat the orange." Appellant also made the child stick an apple "in her vagina and made me eat it." He also was made to place jelly "on her tits and made me take the top with my hands and eat it off of my hands." Appellant further had P.J. place mayonnaise on her "tits," "vagina," and "butt." She put mayonnaise on his penis and then "sucked it off." Appellant rubbed his penis "so it got hard" and made him "stick it in her vagina." P.J. further testified he touched appellant's "tits, butt and vagina" with his "hands and mouth." During this period of time P.J. was told repeatedly that if he did not do as appellant told him she would have his mom

and dad thrown in jail. P.J. testified this type of activity occurred on approximately nine different occasions.

P.J. was eight years old when the alleged events took place and ten at the time of trial.

■ Appellant's first point relied on alleges trial court error in permitting the prosecuting attorney to amend Count III on the morning of trial.

As filed on July 3, 1990, Count III read: That the defendant, in violation of Section 566.060, RSMo, committed the Class B felony of sodomy, punishable under Section 558.011.1(2), RSMo, in that from or between February 8, 1988, to June 15, 1988, in the County of Macon, State of Missouri, the defendant had deviate sexual intercourse with P.J. to whom defendant was not married, and who was then less than fourteen years old, by *putting defendant's finger into victim's anus.*

The information as amended alleged that appellant had put the victim's hands on her vagina instead of putting defendant's finger into victim's anus. Appellant's counsel contends this amendment substantially altered the charge to appellant's prejudice.

Section 566.010(1) defines "deviate sexual intercourse" as "any sexual act involving the genitals of one person and the mouth, tongue, hand, or anus of another person."

The information did not create a new offense. Originally Count III charged appellant with "deviate sexual intercourse ... by putting defendant's finger into victim's anus." As amended the count still charged "deviate sexual intercourse" by putting the victim's hands on the appellant's vagina. Appellant contends she was originally charged with first degree sexual abuse pursuant to § 566.100, RSMo 1986. Violation of § 566.060 is a class B felony, violation of § 566.100 is a class C felony.

The amendment alleges a proper method of committing the offense. In *State v. Baker,* 791 S.W.2d 939 (Mo.App.1990), the court held that inserting a finger into the anus of another did not meet statutory sodomy since the genitals of the defendant and the mouth, tongue, hand or anus of the

victim were not involved. The amendment charges the manner in which the sodomy occurs and was made to correct the information filed. As such, it is not prejudicial to the appellant. *State v. Wilkerson,* 796 S.W.2d 388, 391 (Mo.App.1990). The court stated, "as for the prejudice of which the statute or rule speaks, the test of prejudice is whether a defense under the charge as originally made would be equally available after the amendment, and whether defendant's evidence would be applicable after as well as before the amendment." *Id.* at 391–92.

In the instant case the appellant maintained that she had no sexual contact with the victim. This defense of no contact is just as applicable after the amendment as it was before the amendment.

The trial court did not err in permitting the amendment. Appellant's Point I is denied.

■ In her second point on appeal, appellant alleges the trial court erred in sentencing her under Count IV of the amended information. She contends that because Count IV of the information charges two distinct offenses, that count should be considered void. Count IV of the information stated as follows:

That the defendant, in violation of Section 566.060, RSMo, committed the Class B felony of sodomy, punishable under section 558.011.1(2), RSMo, in that from or between February 8, 1988 to June 15, 1988, in the County of Macon, State of Missouri, the defendant had deviate sexual intercourse with P.J. to whom defendant was not married, and who was then less than fourteen years old, by putting victim's finger(s) into defendant's vagina and or anus.

■ "The purpose of an indictment or information is to inform the accused of the charges against him so that he may prepare an adequate defense, and to prevent a retrial on the same charges in the case of an acquittal." *State v. O'Connell,* 726 S.W.2d 742, 746 (Mo. banc 1987). No indictment or information will be declared invalid, nor the judgment set aside, because

of a defect which does not prejudice the substantial rights of the defendant. *State v. McKinney,* 756 S.W.2d 527, 530 (Mo. banc 1988). Clearly the appellant's rights were not prejudiced in this case.

The indictment in the case at bar was not fatally defective. A reading of the information would render it clear that she was being charged with one crime, that being the crime of sodomy. The language of "putting victim's fingers into the defendant's anus" does not go to the crime of sodomy because it is not an element of sodomy. Thus, this language can be viewed as mere surplusage. *Fults v. State,* 779 S.W.2d 688, 689 (Mo.App.1989).

The language requiring the jury to find insertion in the anus in addition to the vagina was immaterial and constituted mere surplusage which amounted to the assumption of an unnecessary burden by the state. *State v. Mills,* 521 S.W.2d 495, 497 (Mo.App.1975). Appellant's Point II is denied.

■ For her third point appellant claims trial court error in not sustaining her motion for acquittal at the close of the state's case and at the close of all the evidence because the evidence was insufficient to support the conviction.

The sufficiency of the evidence and all reasonable inferences therefrom are viewed in the light most favorable to the verdict. All contrary evidence and inferences are disregarded. *State v. Guinan,* 665 S.W.2d 325, 329 (Mo. banc 1984), *cert. denied,* 469 U.S. 873, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984); *State v. Raines,* 748 S.W.2d 865, 866 (Mo.App.1988).

Appellant alleges the evidence presented at trial was insufficient to convict appellant on two counts of sodomy. She supports this claim by contending that in describing the acts appellant allegedly committed, P.J. did not specifically testify that the act of P.J. touching appellant's vagina took place on more than one occasion.

This contention is clearly not supported by the testimony. P.J. testified "she made me stick it [an apple] in her vagina and made me eat it." This is touching of the

vagina #1. P.J. then testified "she made me stick it [grape jelly] on her vagina and made me lick it off...." This is touching of the vagina #2. Other touchings were also testified to by P.J. P.J. also testified that appellant made him insert his finger into her anus. The verdict director for Count III required the jury to find "the defendant had [P.J.'s] hand touch defendant's vagina." The evidence clearly supported this instruction.

In Count IV the verdict director required the jury to find "the defendant had [P.J.] put his fingers into defendant's vagina and anus.". The prosecuting attorney inquired of P.J. as follows:

Q. Did she [appellant] ever want you to do anything with your fingers?

A. Stick it in her vagina and butt.

Q. You stuck your fingers in her vagina and butt at the same time.

A. Yes.

The evidence clearly supports the jury's verdict on Count IV. Appellant's Point III is denied.

■ For her fourth point, appellant alleges the trial court erred in submitting jury Instruction No. 4. Appellant relies on the recent case of *Cage v. Louisiana,* ── U.S. ──, 111 S.Ct. 328, 330, 112 L.Ed.2d 339 (1990), to support her argument that the instruction's definition of "proof beyond a reasonable doubt" as "proof that leaves you firmly convinced" of defendant's guilt violated appellant's due process rights. She contends her rights were violated because this definition allows the jury to convict appellant based on a quantum of proof less that beyond a reasonable doubt. Our Supreme Court recently addressed this issue in *State v. Griffin,* 818 S.W.2d 278 (Mo. banc 1991). In that case, the supreme court took notice of the *Cage* decision and reaffirmed the constitutionality of the definition that proof beyond a reasonable doubt is proof that leaves the jurors firmly convinced of the defendant's guilt. *State v. Griffin,* 818 S.W.2d at 282. In light of this decision, it is proper to deny appellant's fourth point on appeal.

For her final allegation of error, appellant contends the motion court erred in denying her postconviction relief motion.

■■■ In an appeal from a postconviction proceeding, the appellate court is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). In order for appellant to prevail on his claims of ineffective assistance of counsel, he must demonstrate that his trial counsel's performance was deficient both in that it was unreasonable under prevailing professional norms and that movant was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In allegations of ineffective assistance of counsel there is a strong presumption that counsel exercised reasonable professional judgment in making his decisions. *State v. Hamilton,* 791 S.W.2d 789, 797 (Mo.App.1990). In attempting to show that his trial counsel was ineffective, appellant has been faced with what has been termed a "heavy burden" as appellant must not only prove his allegations by a preponderance of the evidence, but also rebut the presumption that counsel is competent. *Sloan v. State,* 779 S.W.2d 580, 582 (Mo. banc 1989), *cert. denied,* 494 U.S. 1060, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1989).

■■■ Appellant first alleges her attorney was ineffective for not calling Amy Fricano to testify as to appellant's good character. Appellant's attorney testified he discussed the trial strategy of bringing Fricano to Missouri from New York. The attorney felt the testimony would be basically self-serving because it would only go to her good reputation as a babysitter. He explained this to appellant and appellant did not disagree with the decision not to subpoena the witness. Additionally, the motion court determined Fricano's evidence would not relate to character evidence and doubted the testimony would relate to a trait of character. He found the appellant was not prejudiced and this court is in agreement with this conclusion.

Appellant next contends her attorney was negligent in not ensuring the presence of Kathleen Mitchell at the evidentiary hearing. In her deposition, Mitchell stated she would testify as to appellant's good reputation as a babysitter. Appellant's counsel testified that appellant's mother assured him she could ensure Mitchell's presence at the hearing. Appellant did not request that a compulsory process be used to assure Mitchell's presence. Nor did she object to proceeding in their absence. The motion court found counsel could not be found ineffective for relying on the assurances of the appellant's family. Appellant was not prejudiced by Mitchell's absence.

■■■ For her third ineffective assistance of counsel claim, appellant alleges her counsel was ineffective in his direct examination of Rebecca Anderson. Appellant claims that her counsel should have attempted to bolster her witness' credibility by inquiring how she could recall the date of a particular phone call. A thorough review of the transcript shows that counsel for appellant adequately questioned Anderson. She was questioned as to how she could remember the time of the phone call in question. The motion court found the issue was fairly placed before the jury. Counsel's failure to inquire further does not rise to ineffective assistance of counsel. Appellant's fifth point on appeal is denied.

The judgment of conviction is affirmed. The decision of the trial court denying appellant's Rule 29.15 motion is also affirmed.

All concur.