**Kristine K. DUNKER, Appellant,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.**

**No. 70313.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 18, 1997.

Walter S. Drusch, Lowes & Drusch, Cape Girardeau, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

*ORDER*

PER CURIAM.

Appellant, Kristine K. Dunker ("driver"), appeals the judgment of the Circuit Court of Cape Girardeau County sustaining the suspension of her driving privileges by respondent, the Director of Revenue for the State of Missouri ("Director"), for driving a motor vehicle while her blood alcohol content ("BAC") was .10 percent or more. *See* RSMo § 302.505 (1994). We affirm.

Driver claims Director did not meet her burden of proof because she failed to prove driver's blood was drawn in compliance with RSMo § 577.029 (1994), a requirement for the admission of blood test results. *See State v. Hanners,* 774 S.W.2d 568, 569 (Mo. App. E.D.1989). However, driver did not object when her BAC was admitted into evi-

dence at trial. If evidence of a driver's BAC is admitted without objection, the driver waives any objection to this evidence and it may be properly considered even if it would have been excluded upon a proper objection. *Reinert v. Director of Revenue,* 894 S.W.2d 162, 164 (Mo.banc 1995). "In absence of a specific objection, the State's failure to prove compliance with even a foundational requirement does not destroy the sufficiency of its case." *Todd v. Lohman,* 911 S.W.2d 321, 324 (Mo.App. W.D.1995) (citing *Reed v. Director of Revenue,* 834 S.W.2d 834, 837 (Mo.App. E.D.1992)). As an extended opinion would serve no jurisprudential purpose, we affirm pursuant to Rule 84.16(b).