**STATE of Missouri, Respondent,**

v.

**Kevin Gene WALLACE, Appellant.**

No. 73182.

Missouri Court of Appeals, Eastern District, Division Five.

July 28, 1998.

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

The state charged defendant-appellant, Kevin Gene Wallace, with six crimes: I. attempt to commit the offense of sexual abuse, a class C felony, in violation of sections 564.011 & 566.100 RSMo 1994;[1] II. attempt to commit child molestation, a class D felony, in violation of sections 564.011 & 566.067; III. sexual abuse, a class B felony, in violation of section 566.100; IV. child molestation in the first degree, a class C felony, in violation of section 566.067; V. sexual abuse, a class B felony, in violation of section 566.100; and, VI. child molestation in the first degree, a class C felony, in violation of section 566.067. The case was tried jury-waived. The court sustained defendant's motion for judgment of acquittal on Count I and found defendant not guilty on Counts III and V. It found defendant guilty on Count II and imposed a sentence of five years. That sentence is not questioned in this appeal. The court also found defendant guilty on Counts IV and VI. The consecutive seven year sentences imposed on Counts IV and VI are the subject of this appeal.

At trial and on appeal, defendant argues:
there was insufficient evidence of any sexual contact because the evidence was that any touching ... by appellant was through [the complaining witness' clothing], and the statute defining sexual contact was amended [effective January 1, 1995] and no longer included touching through the clothing, instead, that type of touching is now proscribed as first degree sexual misconduct, section 566.090.

The events which are the subject of the charges occurred on December 18 and 19, 1996. From 1979 to 1994, sexual contact was defined so as to include "any such touching through the clothing." Section 566.010(3) RSMo 1986. That definition was changed, effective January 1, 1995, by withdrawing the quoted language.

The state responds that it is:
bound by the statutory language, and thus respondent reluctantly agrees that the evidence was insufficient to convict appellant of first degree child molestation as there was no evidence [of any sexual contact] except through clothing. Appellant should therefore be discharged of both counts [IV and VI] of first degree child molestation.

The state agrees that "the more proper charge would be under section 566.090, first degree sexual misconduct which is defined as engaging in conduct which would constitute sexual contact except that the touching occurs through the clothing without that person's consent." There was no evidence of a touching except through clothing. Accordingly, the court erred in failing to sustain defendant's motions for judgment of acquittal of Counts IV and VI which charged child molestation in the first degree, class C felonies.

The judgments and sentences on Count IV, child molestation and Count VI, child molestation as violations of section 566.067 are reversed.

ROBERT G. DOWD, Jr., C.J. and PUDLOWSKI, J., concur.

---

1. Unless otherwise noted, all statutory references are to RSMo 1994.