**STATE of Missouri, Plaintiff–Respondent,**

v.

**Joseph Glen CARNEY, Defendant–Appellant.**

No. 27012.

Missouri Court of Appeals,
Southern District,
Division Two.

July 14, 2006.

■■■■■■■■■■■■■■■■■■

———

Jacob Y. Garrett of West Plains, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen.; Robert J. (Jeff) Bartholomew, Asst. Atty. Gen. of Jefferson City, MO, for respondent.

JEFFREY W. BATES, Chief Judge.

Joseph Carney (Defendant) was charged by amended information with two counts of child molestation in the first degree (Counts I–II) and one count of statutory sodomy in the first degree (Count III). See § 566.067; § 566.062.[1] After a jury trial, Defendant was found guilty on all charges. He was sentenced to serve concurrent terms of five years, eight years and fifteen years in prison, respectively, for committing these offenses.

On appeal, Defendant challenges only his conviction for statutory sodomy. First, he contends the trial court erred in giving Instruction No. 12, the statutory sodomy verdict-directing instruction, because it was not supported by the evidence. Second, he contends the trial court erred in overruling Defendant's post-trial motion for judgment of acquittal on the statutory sodomy offense because the State failed to prove an element of the crime. Defendant argues that both rulings were erroneous for the same reason: there was no evidence that the act of sodomy occurred within the two-month time period which was submitted in Instruction No. 12 and alleged in the amended information. Finding no merit in either point, we affirm.

Count III of the amended information alleged, in pertinent part, that Defendant had "committed the class [sic] felony of statutory sodomy in the first degree . . . in that on or about or between November 01, 2002 and December 31, 2002 . . . the defendant had deviate sexual intercourse with C.A.C. (d/o/b November 9, 1995), who was less than twelve years old."[2] Since Defendant challenges the sufficiency of the evidence to prove this charge, we must determine whether there was sufficient evidence to permit a reasonable juror to find guilt beyond a reasonable doubt. State v. Belton, 153 S.W.3d 307, 309 (Mo. banc 2005). We view the evidence and all reasonable inferences derived therefrom in a light most favorable to the verdict and disregard any contrary evidence and inferences. Viewed in that light, the pertinent facts may be succinctly summarized.

C.A.C. (Victim) was born on November 9, 1995, and was nine years old at the time of trial. Defendant is Victim's uncle, and she referred to him as "Uncle Joey." Defendant often spent time alone with Victim and was her baby-sitter on over fifty occasions. When Victim was about five years old, Defendant touched her "butt" with his penis while she was at Defendant's house.[3] Defendant did the same thing to Victim at her aunt Tanya's house, but Victim could not recall how old she was when this second incident took place. On another occasion, Defendant put his penis in Victim's

---

1. All references to statutes are to RSMo (2000) unless otherwise specified.

2. The original information was filed on October 29, 2003. It contained an additional child molestation count that was omitted when the amended information was filed in February 2005.

3. In the jury's presence, Victim pointed to the part of her anatomy she referred to as her "butt" to show where Defendant touched her with his penis.

mouth while they were in a shed on Defendant's premises:

Q: [W]ere there any other incidences? Not at Tanya's, any—anywhere?

A. Uh-huh.

Q. Okay. And what was that?

A. There was one in the shed where—

Q. Okay. Now you say shed. Do you remember whose house that was at?

A. [Defendant's] house.

Q. Okay. And what happened at the shed?

A. He put his penis in my mouth.

Q. Okay. And did he—did you touch it with any part of your body? Did you touch it with your mouth, or your tongue, or how was—how was that?

A. Tongue.

Victim did not specify in her testimony when this last incident occurred.

As a result of a hotline call that was made to the Division of Family Services, Deputy Lynn Rhoads (Deputy Rhoads) of the Howell County Sheriff's Department met with Defendant to interview him on August 11, 2003. After Defendant was given his *Miranda* warnings, he gave Deputy Rhoads a videotaped confession.[4] This videotaped confession, which was approximately eight to ten minutes in length, was admitted in evidence as State's Exhibit 3. After the State rested, Defendant opted not to present any evidence on his own behalf.

At the instruction conference, the State tendered the following verdict-directing instruction for the statutory sodomy offense:

### Instruction No. *12*

As to Count *III*, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or between November 1, 2002 and December 31, 2002, in the County of Howell, State of Missouri, C.A.C. (d/o/b November 9, 1995) placed her tongue to defendant's penis, and

Second, that such conduct constituted deviate sexual intercourse, and

Third, that at that time C.A.C. (d/o/b November 9, 1995) was less than twelve years old,

then you will find the defendant guilty under Count *III* of statutory sodomy in the first degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

As used in this instruction, the term "deviate sexual intercourse" means any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person.

Defense counsel stated that he had no objection to this instruction.

After the jury found Defendant guilty of statutory sodomy, Defendant filed a timely motion for judgment of acquittal or new trial. In this motion, Defendant argued that he should be discharged as to Count III because "the evidence submitted was not sufficient to establish the essential element of time as charged by the State." Defendant also alleged that, for the same reason, Instruction No. 12 was not supported by the evidence. This was the first time Defendant challenged the sufficiency

---

4. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

of the evidence to support the submission of this instruction to the jury.

The trial court denied the motion for judgment of acquittal or new trial because "there's only one act of sodomy in evidence, the alibi defense was not raised, and there was no issue as to the statute of limitations, and that the date of the offense is not a necessary element of the offense...." This appeal followed. Additional facts necessary to the disposition of the case are included below as we address Defendant's two points of error.

### Point I

In Defendant's first point, he contends the trial court erred in giving Instruction No. 12 because it was not supported by the evidence. Specifically, Defendant contends there was insufficient evidence for the jury to find beyond a reasonable doubt that Defendant committed an act of statutory sodomy between November 1st and December 31st, 2002, as submitted in the instruction.

The first issue we must address is the applicable standard of review. The State argues that Defendant failed to preserve this alleged error, and we are constrained to agree. A party is prohibited from assigning as error the giving of an instruction "unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objections." Rule 28.03; *see State v. Edwards*, 116 S.W.3d 511, 545 (Mo. banc 2003).[5] At the instruction conference, defense counsel said he had no objection to Instruction No. 12. Since Defendant did not assert his eviden-

tiary insufficiency objection to Instruction No. 12 prior to the time the jury retired to consider its verdict, he failed to preserve this issue for appellate review. *State v. Biggs*, 170 S.W.3d 498, 503 (Mo.App.2005). Accordingly, Defendant is not entitled to any relief on appeal unless the giving of Instruction No. 12 constituted plain error. *State v. Grice*, 914 S.W.2d 360, 369 (Mo. App.1995).

An appellate court is authorized, in its discretion, to review for plain error affecting a defendant's substantial rights "when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20; *see State v. Wurtzberger*, 40 S.W.3d 893, 897 (Mo. banc 2001). To show that a trial court committed plain error in submitting a jury instruction, a defendant must demonstrate more than mere prejudice. *State v. Cates*, 3 S.W.3d 369, 372 (Mo.App.1999). "In the context of instructional error, plain error results when the trial court has so misdirected or failed to instruct the jury that it is apparent to the appellate court that the instructional error affected the jury's verdict." *State v. Nolan*, 872 S.W.2d 99, 103 (Mo. banc 1994); *see State v. Doolittle*, 896 S.W.2d 27, 29 (Mo. banc 1995). Consequently, we seldom conclude that an erroneous instruction caused plain error. *State v. Thurston*, 104 S.W.3d 839, 842 (Mo.App.2003); *State v. O'Toole*, 83 S.W.3d 622, 630 (Mo.App.2002).

In the respects relevant here, there are two essential elements of the crime of statutory sodomy in the first degree: (1) Defendant had deviate sexual intercourse with Victim; and (2) she was less than 12 years old at that time. § 566.062.[6] Both of

---

**5.** All references to rules are to Missouri Court Rules (2006).

**6.** Statutory sodomy in the first degree is defined as having "deviate sexual intercourse

with another person who is less than fourteen years old." § 566.062.1. If the victim is less than 12 years old, however, the minimum authorized term of imprisonment is increased to 10 years. § 566.062.2. In order to obtain

these essential elements were hypothesized in Instruction No. 12. The instruction also properly defined for the jury what specific acts constitute deviate sexual intercourse. *See* 566.010(1) RSMo Cum. Supp. (2005). Victim testified that Defendant put his penis in her mouth, and she touched his sexual organ with her tongue. The State also proved that Victim was less than 12 years old when this act occurred. Therefore, there was sufficient evidence from which a reasonable juror could have found beyond a reasonable doubt that Defendant was guilty of the crime of statutory sodomy in the first degree. *See State v. Brown*, 97 S.W.3d 97, 102 (Mo.App.2002).

■ Defendant does not contest the sufficiency of the evidence to support these essential elements of Instruction No. 12. Instead, Defendant asseverates that the inclusion in Instruction No. 12 of a putative time period during which the offense was committed made time an essential element of the crime, which the State then bore the burden of proving beyond a reasonable doubt. Defendant's argument is fundamentally flawed because it ignores the well-settled law of this state that, in sex offense cases, time is not of the essence. *See, e.g., State v. Sprinkle*, 122 S.W.3d 652, 659 (Mo.App.2003); *State v. Sexton*, 929 S.W.2d 909, 917 (Mo.App. 1996); *State v. Mills*, 872 S.W.2d 875, 878 (Mo.App.1994); *State v. Gardner*, 849 S.W.2d 602, 605 (Mo.App.1993); *State v. Kammerich*, 550 S.W.2d 931, 932 (Mo.App. 1977). One reason general allegations of time have been consistently approved in child sex abuse cases is that "children who are the victims of abuse may find it difficult to recall precisely the dates of offenses against them months or even years after the offense has occurred." *State v. Hoban*, 738 S.W.2d 536, 541 (Mo.App.1987). Because time is not an essential element of the crime, "the state is not confined in its evidence to the precise date stated in the information, but may prove the offense to have been committed on any day before the date of the information and within the period of limitation." *Mills*, 872 S.W.2d at 878.[7]

■ Here, the original information was filed on October 29, 2003. All three incidents described in the information had occurred prior to that date. In fact, Defendant was questioned about each of these events in his videotaped confession, which he gave on August 11, 2003. The statute of limitations was not at issue because Victim was only nine years old as of the trial date, and the applicable limitations period would not expire until 10 years after Victim reached the age of 18. *See* § 556.037. There was sufficient evidence for a reasonable juror to conclude beyond a reasonable doubt that Defendant committed an act of statutory sodomy upon Victim prior to October 29, 2003. Such proof was sufficient to support the giving of Instruction No. 12. *See Sexton*, 929 S.W.2d at 917; *State v. Douglas*, 720 S.W.2d 390, 394 (Mo.App.1986). The more restrictive date range included in Instruction No. 12 amounted to the assumption of

---

the enhanced punishment, Instruction No. 12 had to submit, and the jury had to find, that Victim was less than 12 years old at the time the offense was committed. *See* Notes on Use 4, MAI–CR 3d 320.11.

7. It is important to note, however, that an instruction covering a broad period of time may not be given when doing so would nullify an alibi defense that is supported by substantial evidence. *See State v. Meyers*, 770 S.W.2d 312, 316 (Mo.App.1989). Specification of a time period in the instruction may also be necessary in order to permit a statute of limitations defense. *See* Notes on Use 4, MAI–CR 3d 304.02. As the trial court correctly pointed out, neither defense was asserted by Defendant.

an unnecessary burden by the State and constituted mere surplusage that did not prejudice Defendant. *See State v. Livingston*, 801 S.W.2d 344, 350 (Mo. banc 1990); *State v. Bullock*, 179 S.W.3d 413, 416 (Mo. App.2005); *State v. Condict*, 65 S.W.3d 6, 14 (Mo.App.2001); *State v. Perkins*, 831 S.W.2d 637, 640 (Mo.App.1992). We find that principle particularly applicable here since the commission of this offense was admitted by Defendant in his videotaped confession. Assuming *arguendo* that the State failed to prove this admitted act of sodomy occurred within the time period specified in the instruction, we are unable to discern how that failure prejudiced Defendant in any way.

Based on our review of the record, it is not apparent to us that the trial court committed any error, plain or otherwise, that affected the verdict when the court submitted Instruction No. 12 to the jury. Point denied.

### Point II

In Defendant's second point, he contends the trial court erred in denying the post-trial motion for judgment of acquittal as to Count III because the State failed to prove beyond a reasonable doubt that Defendant committed an act of statutory sodomy between November 1st and December 31st, 2002, as alleged in the amended information. Our task is limited to determining whether, viewed in a light most favorable to the judgment, there was sufficient evidence from which a reasonable juror could have found beyond a reasonable doubt that Defendant committed statutory sodomy in the first degree. *See State v. Smith*, 185 S.W.3d 747, 758 (Mo.App.2006); *State v. Johnson*, 62 S.W.3d 61, 69–70 (Mo.App. 2001).

As previously noted, the two essential elements of this crime are that Defendant had deviate sexual intercourse with Victim, and she was then less than 12 years old. § 566.062. Victim's testimony and Defendant's videotaped confession provided the jury with sufficient evidence to find both of these elements beyond a reasonable doubt. Defendant argues, however, that he was entitled to have that charge dismissed because there was no proof he committed that act of sodomy upon Victim within the time frame alleged in the information. We disagree.

*State v. Douglas*, 720 S.W.2d 390 (Mo. App.1986), is directly on point. There, one count of the information charged Douglas with committing an act of sodomy upon his granddaughter in Polk County on August 20, 1984. *Id.* at 391. Defendant argued that he was entitled to dismissal because there was no evidence he was even in the county until August 23, 1984. In analyzing that argument, we noted that a variance between the allegations in the information and the proof at trial concerning *when* an offense was committed is not fatal unless the variance was material to the merits of the case and prejudicial to the defendant's defense. Because Douglas' only defense was nonaccess (i.e., he was never alone with the victim), we held that any variance concerning when the offense was committed was not prejudicial. *Id.* at 393–94.

We reach the same conclusion here. Defendant's videotaped confession, in which he acknowledged that Victim placed her tongue on his penis, was admitted in evidence at the trial. Accordingly, the defenses of alibi and nonaccess were not at issue. Victim's young age likewise precluded any statute of limitations defense from being asserted. With the case in this procedural posture, Defendant could not have been prejudiced by any variance concerning when he committed statutory sodomy upon Victim. *Douglas*, 720 S.W.2d at 393–94; *State v. Kammerich*, 550 S.W.2d 931, 932–33 (Mo.App.1977). Point denied.

The judgment of the trial court is affirmed.

GARRISON and BARNEY, JJ., Concur.