STATE of Missouri, Respondent,

v.

Joshua E. BUNCH, Appellant.

No. SD 29049.

Missouri Court of Appeals,
Southern District,
Division One.

May 11, 2009.

Petition for Rehearing or Reconsideration
and Transfer Denied June 2, 2009.

Application for Transfer Denied
Sept. 1, 2009.

G. Kyle Domann, Springfield, for Appellant.

Chris Koster, Atty. Gen., and James B. Farnsworth, Asst. Atty. Gen., Jefferson City, for Respondent.

DANIEL E. SCOTT, Presiding Judge.

Joshua Bunch ("Defendant") appeals his convictions for sodomy. Given the victim's age and the nature of the offenses, we will relate only the facts and background necessary to address Defendant's six appeal points.

## Facts and Background[1]

Defendant lived with his mother, his girlfriend, and his girlfriend's five-year-old daughter from February to May 2004. Defendant was unemployed, and on some dozen occasions while his girlfriend was at work, he ordered the little girl to get naked and would put his penis in her anus and mouth. He moved out of the home in May 2004 when the child reported what was happening. After his arrest, Defendant confessed his sexual fantasies about the child, including oral sex and intercourse with her "all around the house," and gave a written statement admitting that he "came" on the victim's back while "watching a porn." A jury found him guilty of two counts of first-degree statutory sodomy,[2] and he was sentenced to consecutive twenty-year prison terms.

## Points I & II

Points I and II address separate convictions, but otherwise are identical.[3] Defendant contends there was insufficient evidence that he committed first-degree statutory sodomy "between March 6, 2004 and April 18, 2004" as charged in the information. He is not challenging proof of the charged crime's essential elements, being (1) deviate sexual intercourse, and (2) a victim under the age of 12. *See* § 566.062; *State v. Carney*, 195 S.W.3d 567, 570 (Mo.App.2006).[4] Rather, he claims the State did not prove beyond a reasonable doubt that the crime occurred in the six-week period charged in the information.

■ "Defendant's argument is fundamentally flawed because it ignores the well-settled law of this state that, in sex offense cases, time is not of the essence." *Carney*, 195 S.W.3d at 571 (citing cases). "Because time is not an essential element of the crime, 'the state is not confined in its evidence to the precise date stated in the information, but may prove the offense to have been committed on any day before the date of the information and within the period of limitation.'" *Id.* (quoting *State v. Mills*, 872 S.W.2d 875, 878 (Mo.App. 1994)). *See also State v. Sexton*, 929 S.W.2d 909, 917 (Mo.App.1996). These and other cases repeatedly have rejected the arguments that Defendant makes here.[5]

Defendant testified that he lived with the victim and her mother from February 2004 to May 2004. The victim testified that Defendant sodomized her in that home, and earlier had told police that De-

---

1. We view and describe the evidence most favorably to the verdicts. *See State v. Norman*, 243 S.W.3d 466, 469 & n. 3 (Mo.App. 2007). Statutory references are to Missouri Revised Statutes, rule references are to Missouri Court Rules.

2. Defendant was found not guilty of first-degree rape.

3. Point I attacks the Count II conviction (penis-to-mouth). Point II addresses Count III (penis-to-anus).

4. First-degree statutory sodomy is defined as deviate sexual intercourse with a victim under 14 years old (§ 566.062.1), but if the victim is younger than 12, the minimum imprisonment is raised to ten years (§ 566.062.2). *Carney*, 195 S.W.3d at 570 n. 6.

5. Exceptions may exist if there are issues of alibi, access to the victim, or the statute of limitations. *See Carney*, 195 S.W.3d at 571 n. 7, 572. Defendant asserted no such defense.

fendant molested her 12 times while they lived together. There was ample proof that Defendant sodomized the victim before the date of the information (September 17, 2004) or during the period described therein.[6] Points I and II fail.

### Point III

■ Defendant sought a continuance or change of venue, one week before trial, and charges error in the denial thereof. He argues that the well-publicized case of nine-year-old Rowan Ford, who was raped and murdered in neighboring Barry County two weeks before this trial, interfered with his right to a fair and impartial jury.[7]

■ A trial court enjoys broad discretion in granting or denying motions for continuance or change of venue; we will not overrule its decisions unless it abused its discretion.[8] *State v. Feltrop*, 803 S.W.2d 1, 6 (Mo. banc 1991), *overruled in part on other grounds by Joy v. Morrison*, 254 S.W.3d 885, 888–89 & n. 7 (Mo. banc 2008). An abuse of discretion occurs only when the inhabitants of the county are so prejudiced against the defendant that a fair trial cannot occur there. *Id.* We defer to the trial court's superior position to evaluate the effect of publicity and determine if potential jurors are so prejudiced that a fair trial is not possible. *Id.* The issue is whether the jurors' opinions were so fixed that they could not impartially judge the defendant's guilt. *Id.*

Defendant contends Stone County residents could not judge his case impartially, due to Rowan Ford publicity, but cites no support in the record for his claim. Both

parties asked the jury panel, in voir dire, whether Rowan Ford's case might affect any decision about Defendant's guilt or innocence. Two venirepersons voiced concern on this issue. The State moved to strike them, Defendant concurred, and the trial court did so. Defendant requested no other strikes for cause on this ground. No other venireperson voiced a problem in this regard.

Publicity, even involving the defendant's own case, alone does not require a change of venue. *State v. Middleton*, 995 S.W.2d 443, 463 (Mo. banc 1999). Defendant has not shown that publicity about a different case kept jurors from impartially deciding his guilt, or that the trial court abused its discretion in denying his motions for continuance and change of venue. We deny Point III.

### Point IV

■ Defendant claims that Venireperson # 25 should have been stricken for cause because she had been molested as a child. The trial court is best positioned to evaluate juror qualifications and has broad discretion in doing so. Its ruling on a challenge for cause will be affirmed unless it is clearly against the evidence and is a clear abuse of discretion. Juror qualifications are not determined by an answer to a single question, but by the entire examination. *See Joy*, 254 S.W.3d at 888.

The following exchange occurred during voir dire:

Q: [THE COURT:] [Venireperson # 25] you indicated that you wanted to

---

**6.** The statute of limitations was not at issue. The limitations period would not expire until 20 years after the victim reached age 18. *See* § 556.037.

**7.** Defendant did not cite any publicity relating to his own case as a basis for his motion.

**8.** The State argues for plain error review, contending that Defendant's motions were untimely. We do not reach this argument because we find no abuse of discretion, *a fortiori* negating any plain error relief.

visit privately with the Court and what would you like to visit about?

A: I was a victim of a sexual experience.

Q: [PROSECUTOR:] And without going into that do you believe that the fact that you were a victim would render you incapable of fairly and impartially judging this case?

A: No. I have come to terms with it. It wasn't my fault.

. . .

Q: [PROSECUTOR:] So you could set aside that incident that happened?

A: Yes.

Q: [PROSECUTOR:] How old were you when that happened?

A: What I remember I was probably six or seven.

Q: [PROSECUTOR:] Was that a family member or friend?

A: Yes.

Q: [PROSECUTOR:] Were there ever any charges filed?

A: No, sir.

Q: [PROSECUTOR:] But you can set that aside?

A: Oh yeah.

. . .

Q: [DEFENSE ATTORNEY:] May I ask what family member it was?

A: Father. I still talk to my father and visit with him. We are past all that.

"The critical question in these situations is always whether the challenged venireperson indicated unequivocally his or her ability to fairly and impartially evaluate the evidence." *Joy*, 254 S.W.3d at 891.

Venireperson # 25 did so. The trial judge, who was able to evaluate her credibility and demeanor, stated "Well, I agree with you [Prosecutor] it was a very unusual statement, but I did believe her."

■ We resolve any doubt in favor of the trial court's findings, since it is better positioned to determine a juror's qualifications than is an appellate court. *State v. Rogers*, 942 S.W.2d 393, 397 (Mo.App. 1997). Evaluation of bias or prejudice primarily is a question of demeanor and credibility. *Id.*

Defendant cites nothing in the record to undermine the trial court's ruling or show that Venireperson # 25 could not impartially decide Defendant's guilt.[9] Absent such evidence, Point IV fails.

### Point V

Defendant challenges the admission of the victim's videotaped forensic interview as improper bolstering and duplicative of her trial testimony, but his cursory argument does not convince us of error.

■ It is improper bolstering to offer an out-of-court statement "solely to duplicate or corroborate trial testimony," but not when it is admissible for relevant purposes other than corroboration and duplication. *State v. Wolfe*, 13 S.W.3d 248, 257 (Mo. banc 2000). Statements admitted under § 491.075, as this one was,[10] do not improperly bolster the victim's trial testimony where they are informal and not planned as a substitute for trial testimony, and as such, do not have the effect of duplicative testimony. *State v. Silvey*, 894 S.W.2d 662, 672 (Mo. banc 1995); *State v.*

9. *Cf. State v. St. John*, 186 S.W.3d 847, 854 (Mo.App.2006)(unless defense counsel follows up on comments suggesting bias, which reasonably can be interpreted differently, no error for trial court to deny challenge for cause).

10. The trial court conducted a § 491.075 hearing and found the victim's videotaped statements sufficiently reliable for admission into evidence if the victim testified at trial.

**706**

*Gollaher,* 905 S.W.2d 542, 546 (Mo.App. 1995). A child victim's out-of-court statements possess unique strengths and weaknesses and are distinct evidence from the child's trial testimony. *Gollaher,* 905 S.W.2d at 546.

Cases repeatedly approve admission of a child victim's out-of-court statements, even if the child testifies at trial. *See Silvey,* 894 S.W.2d at 672; *State v. Smith,* 136 S.W.3d 546, 549–51 (Mo.App. 2004); *State v. Skipper,* 101 S.W.3d 350, 352–54 (Mo.App.2003); *Gollaher,* 905 S.W.2d at 545–46. If otherwise applicable, so does § 492.304.3:

> "If the visual and aural recording of a verbal or nonverbal statement of a child is admissible under this section and the child testifies at the proceeding, it shall be admissible *in addition to* the testimony of the child at the proceeding *whether or not it repeats or duplicates the child's testimony.*" (emphasis added)

Moreover, Defendant has shown no right to relief "because he offers no specifics in support of his argument that the videotaped statement is wholly duplicative, making only a conclusory generalization." *Smith,* 136 S.W.3d at 551 (citing *State v. Bradley,* 8 S.W.3d 905, 906 (Mo.App.2000)(holding that an appellate court need not comb the record searching for the basis of the claimed error)). Point V lacks merit and is denied.

### Point VI

Defendant claims that his written statement was erroneously admitted into evidence because it was involuntarily given under duress. This point fails for at least two reasons.

First, the State laid a proper foundation for Defendant's statement, including his written *Miranda* waiver.[11] Defense counsel objected on the ground that "my client alleges that it was obtained under duress," but offered no argument or proof to support the objection or rebut the State's foundation for admission. Thus, the trial court did not abuse its discretion in overruling the objection.

Second, a witness already had read the statement to the jury without objection. Generally, there is no prejudice if challenged evidence is merely cumulative of similar evidence admitted without objection. *State v. Smith,* 185 S.W.3d 747, 757 (Mo.App.2006). It is well settled that there is no prejudice and no reversible error, even if evidence is improperly admitted, if other evidence establishes the same fact or facts. *State v. Draman,* 797 S.W.2d 575, 577 (Mo.App.1990). We deny Point VI.

### Conclusion

Although we deny all of Defendant's points, a remand is necessary for technical reasons. The record plainly shows that Defendant was charged with and found guilty of two counts of statutory sodomy in the first degree, but the judgment erroneously describes each conviction as "Statutory Sodomy—2nd Degree," a clerical mistake that the trial court can correct under Rule 29.12. *See State v. Fuller,* 267 S.W.3d 764, 767 (Mo.App.2008). Accordingly, we affirm and remand with directions to enter a corrected judgment accurately describing Defendant's convictions.

BARNEY and BATES, JJ., concur.

---

11. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Defendant himself later testified that he was advised of his rights, signed the *Miranda* waiver, and had no problem talking to the police since he "had nothing to hide."