STATE of Missouri, Respondent,

v.

Billie HALE, Appellant.

No. ED 91490.

Missouri Court of Appeals, Eastern District, Division Four.

May 19, 2009.

Craig A. Johnston, Columbia, MO, for appellant.

Chris Koster, Jamie Pamila Rasmussen, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, Judge.

### Introduction

This is an appeal from a denial of a motion for judgment of acquittal at the close of the evidence after Billie Hale

(Hale) was convicted on eleven counts of various sex offenses against four different minors. Hale raises seven points on appeal, arguing insufficiency of the evidence, plain error, and improper joinder/failure to sever. We reverse the judgment of the trial court regarding Count VII—First degree child molestation, as there was insufficient evidence to support a conviction. We affirm the judgment of the trial court on all other counts.

### Factual and Procedural Background

Billie R. Hale was charged with several sex offenses against four different female victims, all of whom were between the ages of 10 and 12 at the time of the charged offenses. Hale was charged with six counts of statutory sodomy in the first degree, three counts of child molestation in the first degree, and two counts of statutory rape in the first degree for his interactions with Katie C. (one count of first degree statutory sodomy and one count of first degree child molestation), Katie B. (one count of first degree statutory rape and two counts of first degree statutory sodomy), Kaylend (two counts of first degree child molestation), and Amber (one count of first degree statutory rape, and three counts of first degree statutory sodomy). The charged offenses took place between the years 1998 and 2004.

A trial was held in March 2008 and all four victims testified as to their age at the time of the alleged sex offense, the time frames in which the sex offenses occurred, and the type and frequency of touching that occurred. The jury found Hale guilty on all eleven counts and the court sentenced Hale to what resulted in the following consecutive sentences: twenty years, life, ten years, and life. Hale's motion for a new trial was overruled and he now appeals to this Court, raising seven points on appeal.

In his first four points, and his sixth point, Hale claims the State failed to present sufficient evidence to support a conviction on counts III, VI, VII, VIII, IX, X, XI. In his fifth point, Hale claims the trial court erred in failing to declare a mistrial when the State's attorney, during closing argument, told the jury they could convict if they made a finding that was allegedly not supported by the evidence. Finally, in his seventh point, Hale contends the charges were improperly joined at trial and that the trial court erred in failing to sever the charges. We discuss only Hale's first point on appeal here.

### Discussion

In his first point on appeal, Hale contends the trial court erred in overruling his motion for judgment of acquittal at the end of all the evidence in relation to Count VII, which charged Hale with first degree child molestation pursuant to RSMo. § 566.067, because there was insufficient evidence to establish that Hale touched Kaylend's breast underneath the clothing. We agree.

In reviewing Hale's argument, our standard of review is sufficiency of the evidence. The question for us is whether the evidence is sufficient to allow a reasonable juror to find guilt beyond a reasonable doubt. *State v. Carney*, 195 S.W.3d 567, 568 (Mo.App. S.D.2006).

Here, First-degree child molestation requires proof that the defendant subjected the victim to "sexual contact." RSMo. § 566.067. Prior to 1995, the statutory definition of "sexual contact" included the phrase "or such touching through the clothing." § 566.010(1). That language was removed in 1995 and then put back into the definition in 2002. Consequently, to support a conviction for child molestation for acts occurring during that time period, the State must demonstrate that

the touching occurred beneath the clothing. *State v. Wallace,* 976 S.W.2d 24, 25 (Mo.App. E.D.1998).

Here, Kaylend testified that in 2001, Hale touched her **over her clothes** while she was riding a four-wheeler with him. The State produced no other evidence of Hale touching Kaylend underneath her clothes. Thus, we grant Hale's first point on appeal and reverse the conviction for Count VII of first degree child molestation.[1]

Regarding Hale's other six points on appeal, we find no error on the part of the trial court and thus affirm. No jurisprudential purpose would be served by a written opinion. We affirm the judgment on all remaining counts pursuant to Rule 30.25(b).

### Conclusion

The evidence was insufficient to support Hale's conviction under Count VII—First degree child molestation. We therefore reverse the judgment of the trial court regarding Count VII and vacate the ten year sentence associated with Count VII. We affirm the judgment of the trial court on all other counts.

REVERSED IN PART AND AFFIRMED IN PART.

KATHIANNE KNAUP CRANE, P.J., and MARY K. HOFF, J., concur.

---

1. The more proper charge to bring against Hale would have been under RSMo § 566.090, first degree sexual misconduct, which is defined as engaging in conduct which would constitute sexual contact except that the touching occurs through the clothing and without that person's consent.