STATE of Missouri, Respondent,

v.

Kelly L. CLEARY, Appellant.

No. SD 32006.

Missouri Court of Appeals, Southern District, Division Two.

April 29, 2013.

Defendant's remaining points.

Emmett D. Queener, Columbia, for appellant.

Chris Koster. Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for respondent.

DANIEL E. SCOTT, P.J., Opinion Author.

Appellant was charged with one count of statutory sodomy "on or about between June 1, 2009 and August 19, 2009." Jury instructions at his trial used similar language.

In closing argument, defense counsel claimed the state had to prove the crime occurred "between" those stated dates. When the prosecutor told jurors differently in rebuttal, the defense objected, asserting that time was an "element of the crime," and moved for a mistrial which the

court denied. The jury found Appellant guilty.

■ Appellant challenges this refusal to grant a mistrial, "a drastic remedy which is to be used only in the most extraordinary circumstances when there is a grievous error which cannot otherwise be remedied." *State v. Norris,* 237 S.W.3d 640, 644 (Mo.App.2007). Since we find no error, much less grievous error warranting a mistrial, we affirm the judgment of conviction.

### Background [1]

The victim, then age 6, disclosed that Appellant had sodomized her while they watched a pornographic video. It happened just once, according to the victim, during her summer break between kindergarten and first grade. Ultimately, Appellant was charged with one count of statutory sodomy "on or about between June 1, 2009 and August 19, 2009."

At trial two years later, the state offered the victim's testimony, her recorded forensic interview, and other proof consistent with the victim's original disclosures. The defense offered no evidence, but got the victim to say on cross-examination that the incident occurred during her kindergarten school year, not during the summer.

Seizing on this inconsistency, the defense argued in closing that the state had "to prove between June 1st, 2009, and August 19th. That is what they have to prove." In rebuttal, the state argued that jurors did not have to "believe or be firmly convinced or to find that it happened in that date range. You are not required to do that." Defense counsel objected, urging that "an element of the crime is the time," and moved for a mistrial because the prosecutor had "argued to the jury that they don't have to find that it is an element." [2] Failure to grant this mistrial

---

1. We need not detail the incident given the nature of this appeal. *See State v. Wheeler,* 219 S.W.3d 811, 813, 814 n. 3 (Mo.App.2007), where, as here, the sole point involved a mistrial request during the state's closing argument in a sex case.

2. We quote the objection, motion, and bench colloquy verbatim:

[DEFENSE COUNSEL]: Judge, that is— My objection is that is an element of the crime is the time. That is an element of the crime that the time that they have to prove is an element of the crime.
[PROSECUTOR]: The case law-the law is that the time frame is not an element. I am just going off what the—I don't know what the Southern District of Missouri says, the court of appeals say it is not.
[DEFENSE COUNSEL]: Well, he has to rule first. I would object to him stating that that is not an element of the crime.
[THE COURT]: I don't think they have to find which day this was. They might have to find that it is within the period that's in the information.
[DEFENSE COUNSEL]: He just told the jury, Judge, they didn't. He just told the jury they did not have to find that.

[DEFENSE COUNSEL]: That is what he said, yes.
[THE COURT]: I didn't get the exact wording, Mr. Cox.
[PROSECUTOR]: Well, you don't have to pick a date they can find that it happened. The law says time is not of the essence. It says as long as-the jury only has to believe that it happened before the final date of the charge. I am just going off of what State vs. Schall and State vs. Sexton say, Judge. I am not making this up. I have got case law.
[DEFENSE COUNSEL]: But I don't think in those cases it gives you the right to argue that it is not an element of the crime.
[PROSECUTOR]: Well, they say it is not an element of the crime.
[THE COURT]: I believe I will back off of that and at least let them know that they don't have to decide the precise date among the period charged.
[DEFENSE COUNSEL]: I would ask for a mistrial at this time, your Honor, based upon what he has already argued to the jury that they don't have to find that it is an element.

request is Appellant's sole complaint on appeal.

## Analysis

■ Appellant's point fails for several reasons. First, despite his persistent misquoting of the record on appeal, Appellant was not charged with committing a crime "on or between" two specified dates, nor was the jury so instructed. Rather, the charge and jury instructions (verdict director and converse) all employed "on or about" terminology which, per MAI Notes on Use, is commonly "used in reciting the date of an occurrence to escape the necessity of being bound by an exact date and means 'approximately,' 'about,' 'without substantial variance from,' 'near.'" *State v. Armstead*, 283 S.W.2d 577, 582 (Mo.1955), *quoted in* MAI–CR3d 304.02, Note on Use 5 (hereafter "MAI Note"). Based on the charge and the jury instructions, defense counsel's argument was wrong and the prosecutor's rebuttal was right.

■ Second, contrary to the defense objection and argument at trial, "time is not of the essence in a statutory sodomy case...." *State v. Celis–Garcia*, 344 S.W.3d 150, 154 n. 4 (Mo. banc 2011). Indeed, a "long line" of cases holds

> that "[b]ecause time is not an essential element of [sex offenses], 'the state is not confined in its evidence to the precise date stated in the information, but may prove the offense to have been committed on any day before the date of the information and within the period of limitation.'"

[THE COURT]: The Motion for Mistrial noted and at this time denied. If I am wrong, I can correct it later.

3. Appellant's double jeopardy suggestions are unpersuasive. The victim was consistent about only being victimized one time, where

*State v. Kelso*, 391 S.W.3d 515, 523–24 (Mo.App.2013) (quoting *State v. Carney*, 195 S.W.3d 567, 571 (Mo.App.2006) and *State v. Mills*, 872 S.W.2d 875, 878 (Mo. App.1994)). *See also State v. Miller*, 372 S.W.3d 455, 464–65 (Mo. banc 2012); *State v. Schaal*, 83 S.W.3d 659, 662 (Mo.App. 2002); *State v. Sexton*, 929 S.W.2d 909, 917 (Mo.App.1996).

■ This general rule sometimes yields to case-specific concerns, including statutes of limitation, alibi, notice to the defendant, verdict unanimity, or double jeopardy. *See Miller*, 372 S.W.3d at 465; MAI Note, *supra*. However, no such concern is at play in this case.[3]

■ Finally, even had it been in error (and it was not), the state's rebuttal was invited by, and a fair response to, defense counsel's inaccuracies. *See State v. Goeman*, 386 S.W.3d 873, 881 (Mo.App.2012) (state has considerable leeway to make retaliatory arguments in rebuttal).

## Conclusion

The challenged rebuttal was consistent with the amended information, jury instructions, and applicable case law, and responsive to inaccurate defense arguments. No mistrial was necessary. Appellant's sole point fails. Judgment affirmed.

JEFFREY W. BATES and MARY W. SHEFFIELD, JJ., CONCUR.

it occurred, and in what manner. A future court could look to the record of this case and prevent any re-prosecution for the lone act of sodomy for which Appellant already has been tried. *See State v. LeSieur*, 361 S.W.3d 458, 465 (Mo.App.2012), and cases cited therein.