

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| JOSEPH B. SPROFERA, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD82443 |
| | ) | |
| STATE OF MISSOURI, | ) | FILED: October 27, 2020 |
| Respondent. | ) | |

### Appeal from the Circuit Court of Clay County
### The Honorable Larry D. Harman, Judge

### Before Division Four:  Cynthia L. Martin. C.J., and
### Alok Ahuja and Thomas N. Chapman, JJ.

Following a jury trial in the Circuit Court of Clay County, Joseph Sprofera was convicted of first-degree statutory rape in violation of § 566.032.[1]  The circuit court found Sprofera to be a prior offender under § 558.016, and sentenced him to life imprisonment, to be served consecutively to his sentence on a prior 2010 conviction.  On appeal, we affirmed Sprofera's conviction.  We reversed the circuit court's imposition of consecutive sentencing, however, and its finding that Sprofera was a prior offender.  The case was remanded "with instruction to the trial court to correct its written judgment to reflect concurrent sentencing and to exclude any reference to a prior offender classification."  *State v. Sprofera*, 427 S.W.3d 828, 839 (Mo. App. W.D. 2014).

Following the circuit court's entry of an amended judgment, Sprofera sought post-conviction relief under Supreme Court Rule 29.15.  The circuit court denied

---

[1]	Statutory citations refer to the 2000 edition of the Revised Statutes of Missouri.

relief after an evidentiary hearing.  Sprofera appeals.  He claims that his trial counsel provided ineffective assistance (1) by failing to submit an instruction for the lesser-included offense of second-degree statutory rape; and (2) by failing to object to the trial court's prior-offender finding, thereby forfeiting Sprofera's right to jury-recommended sentencing.

We affirm.

### Factual Background[2]

On March 2, 2012, Sprofera was charged by a substitute information with first-degree statutory rape in violation of § 566.032.  The information alleged Sprofera had sexual intercourse with Victim between July 1, 2002, and August 31, 2002, and that Victim was less than fourteen years old at the time of the offense.  Victim was Sprofera's adopted daughter.

At trial, Victim testified that when she was six or seven years old, Sprofera began touching her inappropriately as she slept.  She testified that the abuse worsened over time, although there were several years during which Sprofera did not touch her.  Victim testified that in the summer before she started the eighth grade – which she believed to be in 2002 – Sprofera raped her for the first time.  Victim testified that another incident of sexual intercourse occurred a few days later, and that it happened on multiple additional occasions.  Victim testified that her birthdate was July 7, 1989, and that in 2002 she would have been thirteen years old.  Victim testified that, on the first occasion on which Sprofera raped her, her mother was away at a teaching conference.  Victim's mother testified at trial

---

[2]    "On appeal from the motion court's ruling on a Rule 29.15 motion, we view the evidence in the light most favorable to the verdict in the underlying criminal case." *Hutton v. State*, 345 S.W.3d 373, 374 n.1 (Mo. App. W.D. 2011) (citation omitted).  We draw much of this factual recitation from our opinion in Sprofera's direct appeal without further attribution.

2

that as an elementary school teacher she typically attended overnight teaching conferences or retreats before the start of a new school year.

Prior to the commencement of trial, the circuit court found Sprofera to be a prior offender based on a September 1, 2010 conviction for second-degree statutory sodomy. The jury found Sprofera guilty of first-degree statutory rape, the only offense submitted to it. The court sentenced Sprofera to life imprisonment but did not orally pronounce whether the sentence would be served consecutively or concurrently to the sentence for Sprofera's 2010 conviction. In its written judgment, however, the court specified that Sprofera's new life sentence would be served consecutively to his sentence for the 2010 conviction.

We affirmed Sprofera's conviction on direct appeal. We held, however, that Sprofera's sentence for the current offense was required to run concurrently to the sentence for his 2010 conviction, because the circuit court had not specified that the sentences would run consecutively when it orally pronounced Sprofera's sentence in this case. *Sprofera*, 427 S.W.3d at 838. We also held that the circuit court erred in finding Sprofera to be a prior offender, because the finding of guilt in Sprofera's 2010 conviction did not occur prior to the date of the commission of the present offense, as required by § 558.016.6. *Id.* at 839. We held that, although the prior offender finding was erroneous and Sprofera had been denied the opportunity for jury sentencing as a result, this did not require reversal because Sprofera had waived his right to jury sentencing. *Id.* We remanded the case to the circuit court to issue an amended judgment deleting any reference to consecutive sentencing, or to Sprofera's purported classification as a prior offender. *Id.*

Following the entry of an amended judgment, Sprofera timely filed a *pro se* motion for post-conviction relief pursuant to Rule 29.15, and his appointed counsel filed a timely amended motion. In his amended motion, Sprofera raised five claims of ineffective assistance of counsel. As relevant here, Sprofera argued that his trial

3

counsel was ineffective for failing to request a lesser-included-offense instruction for second-degree statutory rape; and for failing to object to the circuit court's prior offender finding, or to demand that Sprofera be afforded the right to jury sentencing.

The circuit court denied relief following an evidentiary hearing. With regard to counsel's failure to request a lesser-included-offense instruction, the court first noted that "[g]enerally, allegations of instructional error are matters for review on direct appeal, not in post-conviction proceedings." The court also held that Sprofera had failed to establish that he would have been entitled to a lesser-included-offense instruction:

> [O]n direct appeal, it was clear [Sprofera] acknowledged there was testimony from [Victim] that she was thirteen years of age at the time of the offense. This portion of testimony by [Victim] ended with [Victim] stating she was "confident" she was thirteen at the time of the offense, and [Sprofera] has not shown evidence otherwise supporting a lesser included instruction.

With respect to Sprofera's claim regarding the prior-offender finding, and the consequent forfeiture of his right to jury sentencing, the circuit court relied on our holding in Sprofera's direct appeal that no manifest injustice had resulted from the erroneous prior-offender finding, and that Sprofera had waived his right to jury sentencing. The court also held that Sprofera had failed to demonstrate that he was prejudiced by the denial of jury sentencing:

> [Sprofera] makes the conclusory assertion that the outcome would have been different. Should the jury have sentenced [Sprofera], the history and character of [Sprofera] would have been admissible, and the prior case [in which he was convicted in 2010 of another sexual offense involving a minor victim] could have been conveyed to the jury, and as such, [Sprofera] could have been sentenced to life without parole. [Sprofera] assumes the outcome would have been different without any support that the outcome would have been better, rather than worse.

Sprofera appeals.

4

## Standard of Review

This Court reviews a motion court's ruling on a Rule 29.15 postconviction motion for the limited determination of whether the findings of fact and conclusions of law are clearly erroneous. *Meiners v. State*, 540 S.W.3d 832, 836 (Mo. banc 2018) (citing Rule 29.15(k)). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves this Court "with a definite and firm impression that a mistake has been made." *Id.*

*Miller v. State*, 558 S.W.3d 15, 19–20 (Mo. 2018); *see also McKay v. State*, 520 S.W.3d 782, 785 (Mo. 2017).

"To prevail on a claim of ineffective assistance of counsel, a post-conviction movant must satisfy the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984)." *McFadden v. State*, 553 S.W.3d 289, 298 (Mo. 2018). First, the movant must demonstrate that "counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation." *Id.* (citation and internal quotation marks omitted). To do so, a movant must overcome a "strong presumption that counsel's conduct was reasonable and effective." *Zink v. State*, 278 S.W.3d 170, 176 (Mo. 2009).

Second, a movant must show prejudice resulting from counsel's constitutionally deficient performance. *Id.* at 175. Generally, "[p]rejudice occurs when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Anderson v. State*, 564 S.W.3d 592, 601 (Mo. 2018) (citation and internal quotation marks omitted).

"Both [the performance and prejudice] prongs must be shown by a preponderance of the evidence in order to prove ineffective assistance of counsel." *McFadden*, 553 S.W.3d at 298 (citation and internal quotation marks omitted). "The court may not need to address both prongs if the movant has failed to make a sufficient showing on one. If the ineffectiveness claim can be disposed of because of lack of sufficient prejudice, that course should be followed." *Taylor v. State*, 382 S.W.3d 78, 81 (Mo. 2012) (citing *Strickland*, 466 U.S. at 697).

5

**I.**

In his first Point, Sprofera asserts that trial counsel was ineffective for failing to submit a lesser-included-offense instruction for second-degree statutory rape.

Sprofera was charged with first-degree statutory rape in violation of § 566.032. The substitute information alleged that Sprofera "committed the felony of statutory rape in the first degree, . . . in that between July 1, 2002 and August 31, 2002, in the County of Lafayette, State of Missouri, the defendant had sexual intercourse with [Victim], who was then less than fourteen years old." Consistent with the information, the jury was instructed that it could find Sprofera guilty only if it found that, "between July 1, 2002, and August 31, 2002, in the County of Lafayette, State of Missouri, the defendant had sexual intercourse with [Victim]," and "that at the time [Victim] was less than fourteen years of age."

At the time of Sprofera's offense, first-degree statutory rape was defined as "sexual intercourse with another person who is less than fourteen years old." § 566.032.1. Section 566.034.1 defined *second-degree* statutory rape as occurring when an individual "being twenty-one years of age or older . . . has sexual intercourse with another person who is less than seventeen years of age."

Sprofera does not dispute that the evidence was unequivocal that the Victim was less than fourteen years old during the charged time period. He emphasizes, however, that both the Victim and her mother offered testimony indicating that the charged offense may have occurred one year later, in the Summer of 2003, when the Victim was fourteen. Because the evidence would have permitted the jury to find that he first had sexual intercourse with the Victim in the Summer of 2003, when she was no longer "less than fourteen years old," Sprofera contends that he was

entitled to an instruction on the lesser-included offense of second-degree statutory rape.[3]

The circuit court's judgment stated that "allegations of instructional error are matters for review on direct appeal, not in post-conviction proceedings." The State concedes that the court's suggestion that Sprofera's claim was not cognizable in a post-conviction relief proceeding is erroneous; it acknowledges that "claims of ineffective assistance of counsel for failing to request a lesser included offense instruction . . . can be asserted under Rule 29.15."

"To prevail on a claim that counsel was ineffective for failing to request a lesser-included offense instruction," however, Sprofera "must demonstrate 'the evidence would have required the trial court to submit the instruction had one been requested, that the decision not to request the instruction was not reasonable trial strategy, and that prejudice resulted.'" *Watson v. State*, 520 S.W.3d 423, 435 (Mo. 2017) (quoting *McCrady v. State*, 461 S.W.3d 443, 448 (Mo. App. E.D. 2015)).

Besides asserting that Sprofera's claim was not cognizable in this post-conviction relief proceeding, the circuit court's judgment also found that Sprofera "has not shown evidence otherwise supporting a lesser included instruction." The State argues that the denial of Sprofera's instruction-related claim can be affirmed on this basis. The State acknowledges "that [Victim] and her mother offered testimony that supported a finding that the rape occurred in 2003, at a time when [Victim] could have been fourteen years old." The State emphasizes, however, that

---

[3]     Sprofera acknowledges that his claim of entitlement to a lesser-included-offense instruction must be evaluated under the law as it existed at the time of his trial in August 2012, prior to the Missouri Supreme Court's decisions in *State v. Jackson*, 433 S.W.3d 390 (Mo. 2014), and *State v. Pierce*, 433 S.W.3d 424 (Mo. 2014). Application of *Jackson* and *Pierce* might well alter the analysis as to whether Sprofera was entitled to a lesser-included-offense instruction in this case. *See*, *e.g.*, *State v. Farr*, No. SD36175, 2020 WL 5792954, at *4-*5 (Mo. App. S.D. Sept. 29, 2020) (applying *Jackson* to a claim that a defendant was entitled to an instruction on a lesser-included sex offense which had different age requirements for the victim).

7

the "charged time period" in the substitute information, and in the verdict director, was "between July 1, 2002 to August 31, 2002." "Thus," the State argues, "a rape in 2003 did not provide a basis to convict Mr. Sprofera of rape *during the charged time period.*"

We agree with the State that Sprofera was not entitled to a lesser-included-offense instruction which would have asked the jury to find that the offense occurred at a time wholly different from that charged in the substitute information. In order for a defendant to obtain a lesser-included-offense instruction, "'the lesser crime must be included in the higher crime *with which the accused is specifically charged*, and . . . the averment of the indictment describing the manner in which the greater offense was committed must contain allegations essential to constitute a charge of the lesser, to sustain a conviction of the latter offense.'" *State v. Sanders*, 522 S.W.3d 212, 217 (Mo. 2017) (quoting *State v. Hibler*, 5 S.W.3d 147, 150 (Mo. 1999)). A defendant cannot "selectively alter or omit criminal conduct [alleged in the charging instrument] when requesting a lesser included offense instruction." *Id.* at 218. Under this principle, in order for Sprofera to be entitled to a lesser-included-offense instruction for second-degree statutory rape, he would have to show a basis for acquittal of first-degree statutory rape, and of conviction for second-degree statutory rape, *during the time period charged in the substitute information*: July 1, 2002 to August 31, 2002.

Sprofera responds with caselaw holding that, in sex-offense prosecutions involving minor victims, the State is not limited to the time period specified in a charging instrument. He argues that, under this caselaw, the time period alleged in the substitute information is essentially irrelevant. Sprofera contends, therefore, that he would have been entitled to an instruction on second-degree rape, even though that instruction might have asked the jury to find that any act of sexual intercourse occurred *outside* the time period charged in the substitute information.

8

As Sprofera argues, numerous Missouri cases state that

> the well-settled law of this state [is] that, in sex offense cases, time is not of the essence . . . . Because time is not an essential element of the crime, "the state is not confined in its evidence to the precise date stated in the information, but may prove the offense to have been committed on any day before the date of the information and within the period of limitation."

*State v. Carney*, 195 S.W.3d 567, 571 (Mo. App. S.D. 2006) (quoting *State v. Mills*, 872 S.W.2d 875, 878 (Mo. App. S.D. 1994); other citations omitted); *see also*, *e.g.*, *State v. Cannafax*, 344 S.W.3d 279, 287 (Mo. App. S.D. 2011); *State v. Bunch*, 289 S.W.3d 701, 703 (Mo. App. S.D. 2009).

The principle that the State is not strictly bound by the time period alleged in a charging instrument in sex-offense cases is not limitless, however. In *State v. Miller*, 372 S.W.3d 455 (Mo. 2012), the Missouri Supreme Court explained that, "'even though the exact date of a charged offense is not an element of the crime, the indictment or information must allege the time of the alleged offense with reasonable particularity; that is, it must be specific enough to ensure notice to the defendant, assurance against double jeopardy, and reliability of a unanimous verdict.'" *Id.* at 464-65 (citation omitted). The Court continued:

> Prior case law in Missouri indicates that "the state is not confined in its evidence to the precise date stated in the information, but may prove the offense to have been committed on any day before the date of the information and within the period of limitation." *See*, *e.g.*, *State v. Bunch*, 289 S.W.3d 701, 703 (Mo. App. 2009) (quoting *State v. Mills*, 872 S.W.2d 875, 878 (Mo. App. 1994)). However, **when the State chooses to file an information and submit parallel jury instructions that purport to charge the defendant with specific conduct during a specific period of time, the State should not be permitted to secure a conviction with respect to specific conduct occurring during a broadly stated yet substantially different period of time from that stated in the information and instruction**. This would not provide the defendant with adequate notice of the evidence that the State intends to present at trial.
>
> . . . .

9

When time is not an element of the offense, but the State includes a time period in the information and mirroring instructions, the time period included in the information and mirroring instructions implicate a defendant's double jeopardy rights and preclude the State from using evidence of the uncharged offense to prove the separate charged offense at trial. If it were otherwise, the State may simply charge a defendant with one offense, listing year X in the information and instructions, put on evidence of acts committed in year Y, and if not satisfied with the defendant's acquittal or sentence after conviction in that trial, the State may then charge a defendant with two more offenses, listing years Y and Z in the information and instructions, put on the very same evidence it used in the previous trial, and gain convictions for both charges because the act in year Y occurred "before the date of the information and within the period of limitation."

*Id.* at 465, 468 (emphasis added; other citations and footnote omitted).

Applying these principles, *Miller* held that evidence of a sexual assault occurring between December 3, 1998 and December 3, 1999, could not be used to sustain a conviction when the defendant was charged with committing the relevant offenses "between December 3, 2004, and December 3, 2005." *Id.* at 467-68. Relying on *Miller*, the Eastern District has held that a sex-offense conviction under a verdict director which "expressly required the jury to find that this incident happened on or about May 1, 2002 to August 1, 2002," necessarily excluded the possibility that the offense occurred prior to August 28, 2000 (when different statutory definitions of the relevant conduct applied). *State v. Huffman*, 445 S.W.3d 76, 79-80 (Mo. App. E.D. 2014); *see also State v. Davidson*, 599 S.W.3d 257, 261–62 (Mo. App. S.D. 2020) (holding that defendant's prior conviction for molesting a minor victim "on or about the fall of 2013" was a "'distinct and separate offense'" from the current charge of molesting the victim "on or about Spring of 2014 to July of 2014," and therefore double-jeopardy principles did not bar the second prosecution).

In this case, Sprofera was charged "with specific conduct during a specific period of time," *Miller*, 372 S.W.3d at 465: the substitute information alleged that

10

he had engaged in sexual intercourse with the Victim "between July 1, 2002, and August 31, 2002." Under the substitute information, and the verdict directing instruction which mirrored it, evidence that Sprofera had sexual intercourse with the Victim in the Summer of 2003 – a full year after the specifically alleged time period – would not have served as a basis for his conviction.[4]

Notably, Sprofera's counsel argued, both at trial and on appeal, that the Victim's equivocal testimony concerning whether he had sexual intercourse with her in the Summer of 2002, or instead in the Summer of 2003, should result in his outright acquittal. In closing argument at Sprofera's trial, his counsel argued:

> The most important thing about this case is whether or not you believe anything that [Victim] is saying. Let's look at some of what she said.
>
> First of all, . . . she said this occurred when she thought Mom was in San Diego [at a work-related conference]. Her Mother . . . testified that she went to San Diego in August of '03, not '02. And she was sure about that. That would've made [Victim] 14, not 13.
>
> In fact, when [Victim] was first up here testifying, she first said she thought she was 14 at the time. It wasn't until the prosecutor asked her a bunch of questions that kind of led her to what she wanted to hear, that she said, okay, I guess I was 13.
>
> Now, [Victim] is not really sure how old she was, or how old she wants to say she was. And you might say, well, I'm splitting hairs, 14's not much better than 13, but for Joseph Sprofera to be found guilty of this charge, you have to find that she was under the age of 14. And that's even if you believe everything else that she said. So, that alone, would find him not guilty.

---

[4] The allegation that Sprofera engaged in sexual intercourse with the Victim "between" two specific dates can be contrasted with looser language used in other cases. *See*, *e.g.*, *State v. Cleary*, 397 S.W.3d 545, 548 (Mo. App. S.D. 2013) (in holding that the prosecution was not strictly limited to the time period alleged in a charging instrument, noting that "Appellant was not charged with committing a crime 'on or between' two specified dates, nor was the jury so instructed. Rather, the charge and jury instructions . . . all employed 'on or about' terminology which . . . is commonly 'used in reciting the date of an occurrence to escape the necessity of being bound by an exact date and means "approximately," "about," "without substantial variance from," "near."'" (citations omitted)).

Similarly, Sprofera argued on appeal that "the State failed to present sufficient evidence that [the Victim] was less than fourteen years old at the time of the charged offense," because according to Sprofera, "[the Victim] never would have testified that she was thirteen save for the prosecutor's coercive pressure and that the logical extension of the evidence is that the alleged incident occurred in 2003 when [Victim] was fourteen years old." *State v. Sprofera*, 427 S.W.3d 828, 832 (Mo. App. W.D. 2014). Although we acknowledged that the Victim's testimony may have been equivocal or inconsistent concerning when the charged offense occurred, we held that there was sufficient evidence for the jury to conclude that the offense occurred in the Summer of 2002, when the Victim was under fourteen. *Id.* at 834.

The State charged Sprofera with committing statutory rape "between July 1, 2002, and August 31, 2002." Under that charging instrument (and the parallel language of the verdict directing jury instruction), evidence that Sprofera instead raped the Victim in the Summer of 2003 would have been grounds for *acquitting him* – not a basis for convicting him of a lesser offense. Sprofera was not entitled to a lesser-included-offense instruction on the theory that his sexual assault of the Victim occurred outside the time period charged by the State. The circuit court properly rejected his claim that his trial counsel was ineffective for failing to request such an instruction.

Point I is denied.

## II.

In his second Point, Sprofera argues that his trial counsel was ineffective for failing to object when the circuit court erroneously found him to be a prior offender, thereby waiving Sprofera's statutory right to jury-recommended sentencing.

In Sprofera's direct appeal, we found that the circuit court had erred in finding Sprofera to be a prior offender, because this finding was based on Sprofera's conviction of another offense *after* he committed the offense at issue here. 427

S.W.3d at 839. We held, however, that Sprofera had not suffered a manifest injustice requiring reversal on plain-error review because he had waived jury sentencing. *Id.*

In its judgment denying post-conviction relief, the circuit court relied on our finding in the direct appeal that Sprofera had not suffered a manifest injustice due to the forfeiture of his right to jury sentencing. The circuit court held that Sprofera could "not use post-conviction proceedings as 'a vehicle to obtain a second appellate review of matters raised on direct appeal.'" (Citation omitted.) The court also held that Sprofera had failed to show that there was a reasonable probability of a different outcome if the jury had sentenced him. The circuit court noted that, "[s]hould the jury have sentenced [Sprofera], [his] history and character . . . would have been admissible, and the prior case [in which he was convicted in 2010 of sexually assaulting another minor] could have been conveyed to the jury, and as such, [Sprofera] could have been sentenced to life without parole."

Sprofera argues that the circuit court erred by holding that the results of his direct appeal foreclosed post-conviction relief. We need not decide that issue, because the circuit court's denial of relief can be affirmed based on its separate finding that Sprofera had failed to demonstrate prejudice flowing from the denial of jury sentencing.

With regard to the prejudice issue, Sprofera argues that the circuit court erroneously required him to show that there was a reasonable probability of a different sentencing outcome if the jury had made a sentencing recommendation. Instead, Sprofera argues that the correct prejudice standard is "process-based," and merely requires him to show that, but for counsel's failure to object to the prior-offender finding, he would have exercised his right to jury sentencing. Sprofera argues that he need not demonstrate what *the result* of jury sentencing would have been, but only that he would have *invoked the process*.

13

As we explained in the "Standard of Review" section above, to establish a right to relief for ineffective assistance of counsel, a movant must establish two elements:  that the performance of their counsel was deficient; and that the deficient performance caused prejudice to the movant.  "In the ordinary *Strickland* case, prejudice means 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Weaver v. Mass.*, 137 S. Ct. 1899, 1911 (2017) (quoting *Strickland*, 466 U.S. at 694). In limited circumstances, however, a movant may establish prejudice by showing that, but for counsel's deficient performance, he would have invoked a process which he otherwise abandoned.  For example, "when a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Similarly, in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court of the United States held that, where counsel's deficient performance forfeits a defendant's right to a direct appeal, the defendant does not need to show a reasonable probability of winning relief on appeal, but only "a reasonable probability that, but for counsel's deficient [performance] . . ., he would have timely appealed." *Id.* at 484.  The Court explained:

> In most cases, a defendant's claim of ineffective assistance of counsel involves counsel's performance during the course of a legal proceeding, either at trial or on appeal. . . .
>
> . . . .
>
> Today's case is unusual in that counsel's alleged deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself.  According to respondent, counsel's deficient performance deprived him of a notice

of appeal and, hence, an appeal altogether. Assuming those allegations are true, counsel's deficient performance has deprived respondent of more than a *fair* judicial proceeding; that deficiency deprived respondent of the appellate proceeding altogether. In [prior cases], we held that the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice because "the adversary process itself" has been rendered "presumptively unreliable." The even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, similarly demands a presumption of prejudice. Put simply, we cannot accord any "'presumption of reliability'" to judicial proceedings that never took place.

*Id.* at 481, 483 (citations omitted).

The error of Sprofera's trial counsel, in failing to object to the circuit court's erroneous prior-offender finding, did not result in "the forfeiture of a proceeding itself" – either a trial (as in *Hill v. Lockhart* and *Lee*); or a direct appeal (as in *Flores-Ortega*). Sprofera <u>had</u> a sentencing hearing. Even though Sprofera's sentence was determined solely by the trial court, without any jury recommendation, this is not a case in which a "judicial proceeding[ ] . . . never took place." Because counsel's error did not deprive Sprofera of an entire proceeding, the rationale of *Hill v. Lockhart*, *Lee*, and *Flores-Ortega* does not require us to apply the "process-based" prejudice standard for which he argues.

Where a defendant claims that deficient advice or actions of trial counsel led the defendant to waive his right to a jury trial, and instead opt for a bench trial, at least two federal courts of appeals have held that the defendant must demonstrate a reasonable probability that a trial *by jury* would have resulted in a different outcome. *See Correll v. Thompson*, 63 F.3d 1279, 1292 (4th Cir. 1995); *Green v. Lynaugh*, 868 F.2d 176, 178 (5th Cir. 1989). While the Third Circuit recently reached a different result, it held only that "where a defendant claims ineffective assistance based on a pre-trial process that caused him to forfeit *a constitutional right*, the proper prejudice inquiry is whether the defendant can demonstrate a reasonable probability that, but for counsel's ineffectiveness, he would have opted to

exercise that right." *Vickers v. Sup't Grateford SCI*, 858 F.3d 841, 857 (3d Cir. 2017) (emphasis added). Sprofera's right to jury sentencing is not a constitutional right, however; it arises solely from the operation of § 557.036. *See State v. Emery*, 95 S.W.3d 98, 102 (Mo. 2003) ("This sentencing right is statutory, not constitutional."); *State v. Price*, 433 S.W.3d 472, 475 (Mo. App. W.D. 2014) (same).

While there may be some conflict in the caselaw concerning the appropriate prejudice standard where an attorney's deficient performance results in a defendant's waiver of his constitutional right to a jury determination *of guilt*, to our knowledge every decision which has addressed the issue has held that, where a defendant claims that counsel's negligence caused him to waive jury *sentencing* in a non-capital case, the defendant must show a reasonable probability of a different sentencing outcome to be entitled to relief. *See Honie v. State*, 342 P.3d 182, 201 (Utah 2014) (affirming denial of relief where defendant "offered no evidence tending to establish that the outcome of his sentencing would have been different had he opted for jury sentencing"); *Davenport v. State*, 431 S.W.3d 204, 209 (Ark. 2013) (where habeas petitioner contended that counsel was deficient in failing to assert his right to jury sentencing, "the petitioner must demonstrate a reasonable probability that the jury would have reached a different result"); *Newby v. Dir.*, TDCJ-CID, CIV A 6:08CV154, 2009 WL 1956288, at *10 (E.D. Tex. July 6, 2009) (denying habeas relief where petitioner "has failed to show that but for this dereliction [of counsel], the result of the proceeding would probably have been different, in that he would probably have received a lesser sentence from the jury"); *Summers v. Dormire*, No: 03-4278-CV-C-SOW, 2005 WL 2298229, at *3 (W.D. Mo. Sept. 21, 2005) (no *Strickland* prejudice from waiver of jury sentencing where movant failed to show "that a jury would have sentenced [movant] any differently than the trial court").

16

We reached just this result in *Roberts v. State*, 356 S.W.3d 196 (Mo. App. W.D. 2011), where a movant alleged that his counsel's advice to waive jury sentencing was deficient.

> Roberts claims that she was prejudiced by Sachse's advice that she waive jury sentencing, and characterizes the advice as a misrepresentation. However, in the very next sentence of her Brief, Roberts concedes: "It is impossible to know for certain whether the jury would have given her a more lenient sentence, but certainty is not the prejudice standard." That may be true. However, ***Roberts was at least obliged to demonstrate a reasonable probability that but for Sachse's advice, the jury would have imposed a lesser sentence***. Beyond merely observing the obvious – that a jury "might" have afforded her a lesser sentence – Roberts offers no concrete basis for us to conclude that there is a reasonable probability that but for Sachse's advice . . ., she would have received a lesser sentence from the jury. . . . [C]laiming that Sachse's advice "might" have resulted in a different outcome does not satisfy Roberts's burden to establish that a reasonable probability existed that a jury would have sentenced her more leniently than the court.

*Id.* at 207 (emphasis added).

Notably, the Missouri Supreme Court applied a similar prejudice standard where a movant claimed that his counsel was ineffective for failing to seek to recuse the trial judge before sentencing. The Court held that the claim failed because "[p]unishment assessed was well within the statutory range and in view of movant's past criminal record, as well as the nature of the crimes here involved, it cannot be said that prejudice has been demonstrated in trial counsel's actions in discouraging movant from disqualification of the trial judge." *Wilson v. State*, 626 S.W.2d 243, 249 (Mo. 1982). It is significant that the Missouri Supreme Court has held that, where a movant claims that his trial counsel waived the movant's right to a *different sentencing decisionmaker*, the movant must establish prejudice under the typical *Strickland* standard.[5]

---

[5] In *Woodworth v. State*, 408 S.W.3d 143 (Mo. App. W.D. 2010), we held that a post-conviction relief movant had failed to demonstrate that his counsel had provided ineffective assistance by failing to advise the movant to waive jury sentencing. We affirmed

17

Sprofera cites to a number of Missouri cases which, he contends, require that we adopt the "process-based" prejudice standard he advocates. But those cases are all plainly distinguishable. Three of the cases he cites reversed a circuit court's recidivist-offender findings on direct appeal; those cases did not apply *Strickland*'s prejudice standard. *See State v. Cowan*, 247 S.W.3d 617, 619 (Mo. App. W.D. 2008) (overruled on other grounds by *State v. Pierce*, 548 S.W.3d 900 (Mo. 2018)); *State v. Herret*, 965 S.W.2d 363, 364-65 (Mo. App. E.D. 1998); *State v. Martin*, 882 S.W.2d 768, 772 (Mo. App. 1994). Moreover, in *Cowan* and *Herret*, it appeared that the trial court's finding that the defendant was a recidivist itself affected (or could have affected) the court's sentencing decision; the appellate opinions did not find prejudice based merely on the identity of the sentencing decisionmaker. While the other two cases Sprofera cites were post-conviction relief proceedings, both were proceedings under Rule 24.035 following the movants' guilty pleas. Both cases addressed the erroneous recidivist finding as a matter of circuit-court error, <u>not</u> as a claim of ineffective assistance of counsel subject to *Strickland*'s prejudice standards. *Vickers v. State*, 956 S.W.2d 405, 406-07 (Mo. App. S.D. 1997); *Strickner v. State*, 943 S.W.2d 326, 328 (Mo. App. E.D. 1997). Thus, none of the cases Sprofera cites are contrary to our decision in *Roberts*, or hold that a post-conviction relief movant can establish prejudice from the loss of jury-recommended sentencing, without showing a reasonable probability of a lesser sentence if jury sentencing had occurred.

---

the circuit court's finding that "'[t]he decision in this case was a matter of sound trial strategy and counsel was not ineffective in failing to instruct Movant to waive his right to jury sentencing.'" *Id.* at 150. We also noted that the movant "never testified that, had he been advised by counsel to waive jury sentencing, he would have agreed to do so"; we observed that, "[w]ithout such evidence, [the movant] simply cannot meet his burden of showing any prejudice . . . ." *Id.* at 151. While *Woodworth* correctly notes that a showing that movant would have made a different decision about jury sentencing is *necessary* to establish prejudice, it never suggested that such a showing would be *sufficient*, standing alone, to <u>prove</u> *Strickland* prejudice. We do not read *Woodworth* as adopting a "process-based" prejudice standard.

18

Therefore, Sprofera's claim that his counsel's deficient performance led him to forfeit jury sentencing is subject to the general rule that, "for a claim of ineffective assistance of counsel at sentencing, [a movant must] show that but for sentencing counsel's errors . . ., the result of the sentencing would have been different, specifically, that his sentence would have been lower." *Dunlap v. State*, 452 S.W.3d 257, 262 (Mo. App. W.D. 2015) (citing *Cherco v. State*, 309 S.W.3d 819, 827, 829-30 (Mo. App. W.D. 2010)); *see also Washington v. State*, 415 S.W.3d 789, 795 (Mo. App. E.D. 2013).

The circuit court found that Sprofera had failed to present evidence to support a claim that a jury would have imposed a lesser sentence than the court. Such a showing was required to show that Sprofera was entitled to post-conviction relief. The circuit court did not clearly err in denying relief on Sprofera's sentencing-related claim.

Point II is denied.

## Conclusion

We affirm the judgment of the circuit court, which denied Sprofera's motion for post-conviction relief.

_____
Alok Ahuja, Judge

All concur.

19